United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60643
Summary Calendar

KIMTONG NIVONRAM,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A75 906 541
--------------------

Before JONES, Chief Judge, and KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Kimtong Nivonram, a citizen and native of Thailand, sought adjustment of status based on her marriage to a United States citizen. An immigration judge (IJ) concluded that Nivonram was inadmissible because she had engaged in prostitution and, therefore, was not eligible for adjustment of status. A single member of the Bureau of Immigration Appeals (BIA) affirmed without written opinion. We have jurisdiction to review this nondiscretionary application of law to facts. See 8 U.S.C. § 1252(a); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 216-17 (5th

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2000).  Where, as here, the BIA issues a summary affirmance, we review the IJ's findings under the substantial evidence standard, giving deference to the IJ's credibility findings.  See Soadjede v. Ashcroft, 324 F.3d 830, 832 (5th Cir. 2003); Chun v. INS, 40 F.3d 76, 78 (5th Cir. 1994).  Under the substantial evidence standard, we will not disturb the IJ's findings unless the evidence compels a contrary conclusion.  Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996).

An alien who has "engaged in prostitution" is not admissible unless granted a waiver.  8 U.S.C. § 1182(a)(2)(D)(i).  In Matter of T-, 6 I&N Dec. 474, 477 (BIA 1955), the BIA held that "to engage in" prostitution means to "carry on over a period of time a type of conduct, a pattern of behavior, or form of activity in which sale of the body for carnal intercourse is an integral part . . . .  It does not include a single isolated act of prostitution."

Our review of the record satisfies us that the IJ's conclusion that Nivonram was engaged in prostitution and therefore ineligible for adjustment of status was supported by substantial evidence. Nivonram admitted that she worked as a prostitute over a two-day period in Dallas in 1999.  The police report setting forth the circumstances surrounding her arrest in Dallas in 1999 indicates that this was not an aberrant act or isolated incident, given her explicit statements to the undercover officer regarding the sexual acts available and their pricing.

2

This conclusion is further supported by the sworn statement given by Nivonram two years later following an apparent arrest in a massage parlor in San Francisco, in which she was able to provide specific answers to specific questions regarding her work as a prostitute, including the name of her "manager," the fees she charged, and the division of fees. Although Nivonram contends that the sworn statement is not probative and cannot be used against her due to her limited ability to speak English, she raised no such argument or objection at the hearing. Further, her ability to answer very specific questions about prostitution and her services and fees belies her self-serving claim that she did not understand the questions. This is particularly true when viewed in light of the Dallas police report from two years earlier, which indicates Nivonram's familiarity with prostitution.

In sum, substantial evidence supports the IJ's determination. In other words, the record does not compel a contrary result. Accordingly, the petition for review is DENIED.